IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES POWELL, ) <br> ) <br>    Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br>    Respondent. ) <br> ) | Case No. 24-cv-1457- RJD |

**ORDER**

**DALY, Magistrate Judge:**

Petitioner James Howell, an inmate of the Federal Bureau of Prisons ("BOP") currently housed at FCI-Greenville within the Southern District of Illinois, brings this habeas corpus action pursuant to 28 U.S.C. §2241.  Doc. 1.  Powell contends that the BOP has incorrectly calculated and applied his earned time credits under the First Step Act, 18 U.S.C. §3632.

This matter is now before the Court for preliminary review. Rule 4 of the Federal Rules Governing Section 2254 cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 cases gives this Court the authority to apply the rules to other habeas corpus cases.

Plaintiff's projected release date is February 6, 2025.  He contends that, as of the date of his Petition (6/6/2024), he has enough earned time credits to qualify for supervised release or

prerelease custody.  The BOP's determination of sentencing credit can be challenged in a §2241 petition.  *United States v. Walker*, 917 F.3d 989, 994 (7th Cir. 2019).  Without commenting on the merits of the Petition (Doc. 1), it is not plainly apparent that Petitioner is not entitled to relief.  The Court ORDERS Respondent United States to answer or otherwise plead on or before September 27, 2024.  This preliminary Order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present.  Because Respondent has already appeared through counsel, it is not necessary for the Clerk of Court to send a copy of this Order to the United States Attorney's Office (which is the Court's typical practice in these matters).

Petitioner is reminded of his continuing obligation to keep the Clerk and opposing parties informed of any change in his address while this matter is pending.  Petitioner must notify the Court no later than 14 days after a transfer or other change in address.  Failure to provide notice may result in dismissal of this action with prejudice.

**IT IS SO ORDERED.**

**DATED:**   August 27, 2024

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**